UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-23325-CIV-ALTONAGA/Reid

JOHN DOE,

    Plaintiff,
v.

GASTROMED, LLC, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon several motions filed by *pro se* Plaintiff, John Doe: Motion for Leave to Proceed Under Pseudonym [ECF No. 3], filed July 24, 2025; Motion to Preserve Evidence [ECF No. 5], filed July 24, 2025; Motion to File Certain Exhibits Under Seal [ECF No. 12], filed August 14, 2025; and Motion for Leave to File the Notice of True Identity of Plaintiff Under Seal ("Motion for Leave to File Notice of True Identity") [ECF No. 13], filed August 14, 2025.

Plaintiff alleges that Defendants, Gastromed, LLC ("Gastromed") and Neiza Alvarez, APRN ("APRN Alvarez"), failed to provide him adequate medical care and ultimately discontinued treatment because of his medical status. (*See* Am. Compl. [ECF No. 10] ¶¶ 3–5, 15–19). On May 12, 2025, Plaintiff allegedly sought care at Gastromed after weeks of acute gastrointestinal symptoms, requesting to see a gastroenterologist because of a prior gallbladder removal and weakened immune system. (*See id.* ¶¶ 6–7). Instead, Plaintiff was allegedly seen by APRN Alvarez. (*See id.*). After testing positive for a *Shigella*/*E. coli* infection on May 19, 2025, APRN Alvarez allegedly refused further treatment because of Plaintiff's medical status. (*See id.* ¶¶ 14–17). Plaintiff alleges Defendants' actions prolonged his infection; created stress-induced

bruxism that developed into temporomandibular joint inflammation and cervicalgia; and caused emotional distress, lost wages, and a worsened quality of life. (*See id.* 16–19).[1]

The Court has carefully considered Plaintiff's submissions, the record, and applicable law. For the following reasons, the Motions are denied.

***Motion to Proceed Under Pseudonym***. Plaintiff requests the Court grant him leave to proceed anonymously because "[d]isclosure of [his] [medical] status would cause unnecessary emotional distress and risk of discrimination." (Mot. to Proceed Under Pseudonym 2 (alterations added)). Defendant filed a Response to this Motion [ECF No. 19]; to which Plaintiff filed a Reply [ECF No. 25].

Under Federal Rule of Civil Procedure 10(a), "[t]he title of the complaint must name all the parties[.]" *Id.* (alterations added). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (quotation marks and citations omitted).

The test for determining whether a plaintiff may proceed anonymously "is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); footnote call number omitted). Yet "[i]t is the *exceptional* case in which a plaintiff may proceed under a fictious name," and the mere "risk that a plaintiff may suffer some embarrassment is not enough." *Id.* at 323–24 (alteration and emphasis added). Plaintiff's single sentence in his Motion to Proceed Under

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Pseudonym, speculating that he may suffer embarrassment or discrimination upon disclosure of his health condition, is not a sufficient ground to overcome the constitutionally-embedded presumption of openness.[2]

***Motion to Preserve Evidence***.  Plaintiff requests that the Court require Defendants to "preserve all evidence relevant to the claims and defenses in this action." (Mot. to Preserve Evidence 1).  The Court refers *this* discovery matter — and *all other* discovery matters — to Magistrate Judge Lisette M. Reid, under 28 U.S.C. section 636 and the District's Magistrate Judge Rules.  The parties shall comply with the discovery procedures provided in the document titled, "Standing Discovery Order for Magistrate Judge Lisette M. Reid," available on the Court's website.  No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed.  Given these instructions, the Motion to Preserve Evidence is denied as moot.

The parties must confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention.  The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith.  If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, the moving party must seek relief within fifteen (15) days of the occurrence of the grounds for relief by contacting Judge Reid's Chambers by email and requesting a hearing.  The requesting party must send an email to reid@flsd.uscourts.gov in which it shall copy all opposing counsel or parties, provide a brief description of the nature of the dispute, and

---

[2] The Court will not consider arguments raised for the first time in the Reply. *See Perez v. Commodity Control Corp.*, No. 16-cv-20245, 2017 WL 1293619, at *1 n.2 (S.D. Fla. Mar. 7, 2017) ("The Court will not consider arguments raised for the first time in a reply brief." (citing *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005); *Eisenberg v. Shendell & Assocs., P.A.*, No. 10-cv-62149, 2011 WL 1233253, at *2 (S.D. Fla. Mar. 31, 2011))).

attach any reliance materials. Specific requirements for that email are outlined in the "Standing Discovery Order for Magistrate Judge Lisette M. Reid" document available on the Court's website.

*Motion to File Exhibits Under Seal*. Plaintiff seeks leave to file several exhibits under seal because they contain personal health information. (*See generally* Mot. to File Exs. Under Seal).

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (alteration added). Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62–63 (11th Cir. 2013) (citations omitted). "Judges deliberate in private but issue public decisions after public arguments based on public records. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (alteration adopted; citation and quotation marks omitted).

The Court is left unconvinced that the presumption in favor of public access should be cast aside. In support of his request to file several exhibits under seal, Plaintiff argues that filing these unredacted exhibits would disclose his health information, "placing him at risk of unwarranted invasion of privacy and potentially exposing him to stigma and discrimination." (Mot. to File Exs. Under Seal 2). The presence of personal, confidential, or proprietary information is not a reason to seal the documents in full. Plaintiff controls what documents he chooses to file on the public docket. Consequently, Plaintiff may: (1) redact portions of the exhibits containing

4

CASE NO. 25-23325-CIV-ALTONAGA/Reid

confidential information that should not appear on the public docket and are unnecessary for the Court's resolution of the issue or case; or (2) keep all necessary information on the exhibits unredacted on the public filings.

***Motion for Leave to File Notice of True Identity***. Finally, Plaintiff moves for leave to file under seal a document entitled "Notice of True Identity of Plaintiff" containing Plaintiff's legal name, address, and contact information. (Mot. for Leave to File Notice of True Identity 1). Given the Court's denial of Plaintiff's Motion to Proceed Under Pseudonym — explained above — the Court denies Plaintiff's Motion for Leave to File Notice of True Identity.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff, John Doe's Motion for Leave to Proceed Under Pseudonym **[ECF No. 3]**; Motion to Preserve Evidence **[ECF No. 5]**; Motion to File Certain Exhibits Under Seal **[ECF No. 12]**; and Motion for Leave to File the Notice of True Identity of Plaintiff Under Seal **[ECF No. 13]** are **DENIED**.

2. To better manage the orderly progress of the case, Defendants, Gastromed, LLC and Neiza Alvarez, APRN, shall **submit** a *single, combined response* or separate answers to Plaintiff's Amended Complaint **[ECF No. 10]** by **September 25, 2025**.

**DONE AND ORDERED** in Miami, Florida, this 11th day of September, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record
John Doe, *pro se*